[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE AUGUST 29, 1997 DATE OF APPLICATION SEPTEMBER 2, 1997 DATE OF APPLICATION FILED SEPTEMBER 5, 1997 DATE OF DECISION FEBRUARY 27, 2001
Application for REVIEW OF SENTENCE imposed by the Superior Court, Judicial District of Fairfield, Docket No. CR 96-125034.
Catherine Teitell, Esq. Defense Counsel for Petitioner CT Page 4532
Cornelius Kelly, Esq. Assistant States Attorney, Counsel for the State
 BY THE DIVISION
The petitioner was convicted by a jury of Burglary in the Second Degree and Threatening. The petitioner was sentenced to 10 years on the burglary charge and one year on the threatening charge to be served concurrently for a net effective sentence of 10 years incarceration. It is this sentence that the petitioner seeks to have reviewed.
The factual basis for the conviction involves the defendant's unlawful entry into the home of the victim at 3:45 a.m. The victim was awakened by the petitioner in her bedroom and he jumped her and pointed a gun to her head.
The victim recognized the defendant. The defendant engaged the victim in conversation wherein he stated, inter alia, that he needed something of value so he could buy crack in order to feed his addiction. The victim gave the petitioner some jewelry. The petitioner indicated words to the effect that in the event the victim called the police he would return and kill her.
At the hearing before the Division counsel for the petitioner emphasized several factors: the petitioner was acquitted of a more serious robbery charge; the unusual point of entry (through a second floor window); and the fact that the defendant and the victim were engaged in a conversation. Counsel further stressed that the offense was "not the most egregious scenario" relevant to the fact pattern of the crime or the petitioner's record. Counsel for petitioner repeatedly stressed as a reason for a reduction of sentence that the probation officer who prepared the presentence report recommended "incarceration" as opposed to "substantial incarceration". Counsel claimed the sentence was "disproportionate" (to others similarly situated).
The petitioner addressed the Division and indicated that he knew the victim and that she had "animosity toward me". Petitioner indicated he had a wife and children and indicated that "I have remorse for what I did CT Page 4533 — it's the length of time. . . ."
Counsel for the state emphasized that the instant burglary conviction was the petitioner's fifth such conviction and petitioner was on probation for burglary at the time of the subject offense.
In his sentencing remarks the Trial Court acknowledged the positive aspects of the petitioner's life but the petitioner's prior criminal record was an "overriding concern to the Court" and the Court concluded, . . . "I do think the facts were serious. . . . I do think that a burglary in an occupied dwelling in the middle of the night, early morning hours, is about as serious as a burglary can be."
Counsel for the petitioner mischaracterizes the facts as "not the most egregious scenario." The Division disagrees. The conduct of a perpetrator who enters into a dwelling at night with a firearm and confronts the occupant is conduct of an egregious nature.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq. and Connecticut General Statute § 51-94 et seq.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate nor disproportionate.
The sentence is AFFIRMED.
Miano, J., Maczak, J. and Norko, J. participated in this decision.